IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAVERN B. SPILLANE, | ) | CIVIL NO. 13-00527 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DEFENDANT'S BILL OF |
| vs. | ) | COSTS |
| | ) | |
| ERIC SHINSEKI, in his capacity as Secretary of the Department of Veterans Affairs, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S BILL OF COSTS[1]

Before the Court is Defendant's Bill of Costs filed on January 14, 2015. ECF No. 47. Defendant requests $1,462.54 in costs for one deposition transcript and copies for the court and for service on Plaintiff. Id. Plaintiff filed an Objection to Defendant's Bill of Costs on January 20, 2015. ECF No. 48. Defendant filed a Response to Plaintiff's Objection on January 27, 2014. ECF No. 50. Based on the Court's review of the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant is entitled to $1,462.54 in taxable costs.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

DISCUSSION

The Clerk of Court entered final judgment in favor of Defendant pursuant to the district court's Order Granting Defendant's Motion for Summary Judgment, ECF No. 29, filed on January 6, 2015. ECF No. 46. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990)). Based on the Order Granting Defendant's Motion for Summary Judgment, Defendant is the prevailing party. Under Rule 54(d), the prevailing party is presumptively entitled to taxable costs and the losing party must show that the taxation of costs is not appropriate. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

Here, Plaintiff does not object to any of the actual costs requested by Defendant, but instead argues that Defendant's Bill of Costs should be denied because Defendant's counsel failed to comply with Local Rule 54.2(c), which requires counsel to meet and confer in an effort to resolve any dispute about the claimed costs prior to filing a Bill of Costs. See ECF No. 48. Defendant's counsel acknowledges that she did not comply with the

meet and confer requirement prior to filing Defendant's Bill of Costs, but contacted Plaintiff's counsel after Plaintiff's Objection was filed. See ECF No. 50-1 ¶¶ 7-8. At that time, Plaintiff's counsel did not raise any objections to the actual costs requested, but only reiterated Plaintiff's objection to Defendant's failure to comply with the Local Rule requiring prior meet and confer. Id.

It is undisputed that Defendant's counsel did not attempt to meet and confer with Plaintiff's counsel prior to filing Defendant's Bill of Costs. However, it appears that such a conference would have been futile because Plaintiff does not raise any specific objections to the actual costs requested and the costs requested are taxable under the statute. See 28 U.S.C. § 1920(2), (3); LR54.2(d)(2), (4). Although this does not excuse Defendant's counsel failure, it would be wasteful of the parties' time and the court's resources to require Defendant to file another bill of costs. See Tiki Shark Art Inc. v. CafePress, Inc., Civil No. 13-00577 JMS-RLP, 2014 WL 3928799, at *3 (D. Haw. Aug. 12, 2014) (holding that in context of Local Rule 37.1, that "where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement."). Accordingly, the Court FINDS and RECOMMENDS that Defendant is entitled to $1,462.54 in taxable costs.

CONCLUSION

The Court FINDS and RECOMMENDS that Defendant is entitled to $1,462.54 in taxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 29, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**SPILLANE V. SHINSEKI; CIVIL NO. 13-00527 HG-RLP; FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S BILL OF COSTS**